IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SCOTT DEWAYNE BROOKSHIRE                                                  PLAINTIFF
ADC #175697

v.                              4:21-cv-01141-LPR-JJV

SMITH, Laundry Department and Shower
Area Supervisor; *et al*.                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.   INTRODUCTION**

Scott Dewayne Brookshire ("Plaintiff") is a prisoner in the Randall Williams Correctional Facility ("RWCF") of the Arkansas Division of Correction ("ADC"). (Doc. No. 7.) Plaintiff initially sued Sergeant Smith, Sergeant Millan, and Lieutenant Freeman under 42 U.S.C. § 1983 in their official capacity only.[1] (Doc. No. 1.)

---

[1] Plaintiff sued Defendant Sergeant Smith, the laundry department and shower area supervisor, alleging on July 20, 2021, he fell and cut his head because he was not provided drinking water and was inhaling multiple cleaning chemicals in the shower area without any ventilation. (*Id*. at 4-5.) He identifies Defendant Smith as being responsible for his head injury but does not provide any explanation as to why Defendant Smith is the responsible party. Plaintiff sued

As part of the screening process, on November 23, 2021, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted and explained why. (Doc. No. 5.) Plaintiff was given thirty days to cure the defects by filing a superseding Amended Complaint. (*Id*. at 6.) I explained to Plaintiff what an Amended Complaint should include, if he wished to file one, and cautioned him that "an Amended Complaint renders his original Complaint without legal effect." (*Id*.) On December 28, 2021, Plaintiff filed an Amended Complaint (Doc. No. 7) which now must be screened.

## II.   SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has

---

Defendant Sergeant Millan, a supervisor at the RWCF, asserting he was taken to a hospital on July 20, 2021 for treatment and stitches of his head injury, but he was not provided an IV or water for four hours and was not provided a wheelchair when he exited the hospital in violation of policy. (*Id*. at 12.) Finally, Plaintiff sued Defendant Lieutenant Freeman, a main hall supervisor, for not moving him to another barracks. (Doc. No. 1 at 3, 8.)

even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S AMENDED COMPLAINT

In his Amended Complaint, Plaintiff sued only Defendant Sergeant Millan in his personal and official capacity under 42 U.S.C. § 1983, seeking money damages and/or "the due process needed to invoke the parole board for my release, as I have served 24 months." (Doc. No. 7.) However, to the extent Plaintiff is seeking release as a form of injunctive relief, this relief is not proper in a § 1983 action. A writ of habeas corpus is the only federal remedy available. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir.1993). Accordingly, Plaintiff's claims related to release must be dismissed.

#### A.  Personal Capacity Claims

To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

1. **Defendants Smith and Freeman**

I previously advised Plaintiff that an Amended Complaint would render his original Complaint without legal effect, and that only claims properly set out in an Amended Complaint, if Plaintiff opted to file one, would be allowed to proceed. (Doc. No. 5 at 6.) In his Amended Complaint, Plaintiff did not name Smith or Freeman as Defendants and made no allegations against them in the statement of Plaintiff's claim. (Doc. No. 7 at 1-2, 4-5.) Accordingly, I recommend Defendants Smith and Freeman be dismissed from this cause of action without prejudice.

2. **Defendant Millan**

In his Amended Complaint, Plaintiff alleges on July 20, 2021, after he was treated at the hospital for a fall that resulted in a "cut to his forehead, concussion, head trauma, injury, loss of blood, [and] dehydration," Defendant Millan refused to wait for a wheelchair for Plaintiff. (Doc. No. 7 at 4.) Instead, Defendant Millan led an "unbalanced, dizzy, and dehydrated" Plaintiff out of his hospital room to the rear exit and across the parking lot in shackles and cuffs where Plaintiff tripped over the curbs. (*Id*.) For the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a plausible claim for relief.

First, as I previously explained (see Doc. No. 5), to the extent Plaintiff is alleging Defendant Millan did not comply with an ADC policy, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

Second, to state a viable failure to protect claim, an inmate must allege that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, Defendant Millan knew of and disregarded that substantial risk of serious harm. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir.

2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007). Here, Plaintiff disagrees with Defendant Millan's decision to require him to walk out of the hospital after he received medical treatment for a head injury. At most, requiring him to walk out of the hospital suggests negligence. This is simply insufficient to plead a plausible § 1983 deliberate-indifference claim. *See Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (concluding that negligence, an even gross negligence, are insufficient to establish a failure to protect claim); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (explaining that "even gross negligence" is insufficient to establish a failure to protect claim); *see also Farmer v. Brennan*, 511 U.S. 825, 838 (1994) (explaining that a prison official's failure to alleviate a risk that he should have perceived, but did not, is insufficient to sustain a failure to protect claim). Additionally, Plaintiff has not alleged he was actually harmed when he walked out of the hospital. *See* 42 U.S.C. § 1997e(e) (providing that a prisoner may not recover damages, in a § 1983 action, "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *see also Schoelch v. Mitchell,* 625 F.3d 1041 (8th Cir. 2010) (an inmate cannot proceed with a failure to protect claim if he suffered no physical injury or a *de minimus* injury); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("[b]ecause § 1983 action is a type of tort claim, general principals of tort law require that a plaintiff suffer some actual injury before he can receive compensation"). Accordingly, Plaintiff's failure to protect claim against Defendant Millan fails, as a matter of law.[2]

---

[2] To the extent Plaintiff is alleging Defendant Millan was deliberately indifferent to his medical needs, the standard is essentially the same as a failure to protect claim. Plaintiff must allege facts suggesting: (1) the plaintiff had an objectively serious need for medical care; and (2) Defendant Millan subjectively knew of, but deliberately disregarded, that serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-08 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010.) It is well settled that negligence, gross negligence, and medical malpractice do not rise to the level of deliberate indifference. *Langford* at 460. As with a failure to protect claim,

### B.  Official Capacity Claims

Sovereign immunity prohibits a plaintiff from obtaining monetary damages from any state actor named in his or her official capacity. *Zajrael v. Harmon*, 677 F.3d. 353, 355 (8th Cir. 2012); *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005). Accordingly, Plaintiff has failed to state a claim for relief as to his official capacity claims, and those claims should be dismissed.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

plaintiff must show he was actually harmed. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (holding that a prisoner could not, as a matter of law, prevail on his inadequate medical care claim because he failed to show he was harmed). Accordingly, Plaintiff's deliberate indifference to his medical needs claim also fails as a matter of law.

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."